Garry, J.
(concurring). I agree with the majority’s disposition of this matter and with its conclusions that formal rulemaking was not required and that the denial of parole to petitioner was not irrational. I write separately as I do not agree with the brief, but in my view critically important, portion of the majority’s determination that incorporates and continues to apply previously-established precedent regarding our limited review of the Board of Parole’s analysis of the factors underlying its determinations. My concern is that the resulting constraint upon effective judicial review may impede progress toward implementing the 2011 amendments to the Executive Law.
In my view, the majority errs merely in incorporating the language that the Board “need not enumerate, give equal weight or explicitly discuss every factor considered and was entitled, as it did here, to place a greater emphasis on the gravity of his crime” (Matter of Serrano v Alexander, 70 AD3d 1099, 1100 [2010] [internal quotation marks and citations omitted]). This language undermines the statutory mandate requiring the Board to state the reasons for a denial {see Executive Law *205 § 259-i [2] [a]). The lack of meaningful judicial review has engendered significant societal concern and criticism, including the charge that the courts’ deferential approach “amounts to the unethical abdication of a judicial duty” (Edward R. Hammock & James E Seelandt, Article, New York’s Sentencing and Parole Law: An Unanticipated and Unacceptable Distortion of the Parole Boards’ Discretion, 13 St. John’s J Legal Comment 527, 556 [1999]). ■
The 2011 amendments to the Executive Law were expressly intended to shift the focus of correction and parole away from punishing an inmate for his or her criminal past toward the goal of “promot[ing] [his or her] . . . successful and productive reentry into society” (L 2011, ch 62, § 1, part C, § 1, subpart A, § 1; see Correction Law § 70 [2]). In enacting these amendments, the Legislature required the Board to incorporate risk and needs principles into the review process, to measure the rehabilitation of applicants for parole, and to assess the likelihood that they would be successful upon release. Consistent with these requirements, the October 2011 memorandum mandates that the Board must ascertain what rehabilitative steps have been taken by parole applicants and the likelihood of successful release, discuss these issues with applicants, and consider them in its deliberations. Meaningful review of the Board’s compliance with the statutory directives cannot be accomplished if the Board need not even enunciate the factors that it finds determinative in any given case. Our exceptionally deferential precedent allows too much mystery and too little analysis. Effective and appropriate judicial review requires standards. Substantial justice is achieved when established rules are impartially applied — and reliance upon established factors leads to predictability of result, a hallmark of lawful society.
Pursuant to the 2011 amendments, which require an assessment of all inmates to determine their penological needs and facilitate their reintegration into the community, “the rehabilitation of persons appearing before the [B]card [and] the likelihood of success of such persons upon release” is always a relevant factor that must be considered when an application for parole release is made (Executive Law § 259-c [4]; see Correction Law § 112 [4]). If the record in a future case fails to reveal that the Board has done so, the decision may reflect “irrationality bordering on impropriety” warranting judicial intervention (Matter of Silmon v Travis, 95 NY2d 470, 476 [2000] [internal *206 quotation marks and citation omitted]). In this case, I agree with the majority in noting that the Board did comply with the 2011 amendments by expressly assessing petitioner’s rehabilitative efforts, risks and needs, while also determining that these were outweighed by other factors. It is therefore unnecessary for this Court now to repeat and reinforce precedent that was developed under prior law. Instead, the letter and spirit of the 2011 amendments require the development of a more exacting judicial analysis, within a deferential standard.
Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.
Stein and McCarthy, JJ., concur.